STATE v. JOHNSON.

1. Under the statute making it a misdemeanor willfully and knowingly to sell property covered by a lien without giving notice of the lien, a sale without giving notice of a lien of which the vendor was ignorant, is no offense.

2. Where a vendor, ignorant of a judgment having a lien upon the land, and himself the maker of two mortgages, told the purchaser that "he would arrange to meet or pay such matters as he had put upon the land," he is not guilty under this statute, as he did not intentionally suppress notice of the judgment, and did give notice sufficient to lead to knowledge of the two mortgages.

3. But the vendor's ignorance of the judgment-lien being disputed, a request to charge, which ignored the lien of the judgment, was properly refused.

4. The offense of selling is but one offense under this act, however many liens may have existed at the time, and the judge therefore properly refused both to require the solicitor to indicate which one of the three liens he relied upon, and also a motion in arrest of judgment based upon this objection.

5. The lien of a judgment is as much within the meaning of this statute, as a mortgage or other lien.

Before WALLACE, J., Aiken, September, 1883.

This was a prosecution against J. E. Johnson for selling to G. W. Buzbee, on February 10th, 1882, a tract of land covered by liens without giving notice of such liens. On February 20th, 1883, the same land was sold by the sheriff to John Jordan

under a judgment and execution of 1877 in favor of Jordan against J. E. Johnson. There were also two mortgages resting upon the land at the time of sale. The balance due upon these mortgages was paid after defendant's arrest in this case, in January, 1883.

There was conflict of testimony as to G. W. Buzbee's knowledge of this judgment. The defendant testified that he " did not know that the Jordan judgment was a lien" upon the land, as he " bought the land some time after that judgment was obtained." Buzbee testified that defendant told him " there was not the scratch of a pen" against the land. Defendant denied this, and said: " I told him that there was nothing against the land, except what I had put over it, and that I was responsible for such things and would pay them." Other matters are stated in the opinion.

Mr. G. W. Croft, for appellant.

Mr. Solicitor Gantt, contra.

February 22d, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. The defendant was indicted under the act of 1873, (15 Stat. 332, incorporated in the general statutes of 1882 as section 2514,) for selling certain real estate, covered by certain liens, without giving notice thereof to the purchaser. The indictment specified three liens, to which the property sold was subject, viz.: A judgment in favor of John Jordan, a mortgage in favor of C. K. Henderson, and a mortgage in favor of P. W. Ferrell. At the close of the testimony, defendant's counsel moved the court to require the solicitor " to elect which lien upon the property sold, of which the defendant did not give notice, upon which the State would ask a conviction." This motion was refused, and exception was duly taken.

The counsel for the defendant then requested the Circuit judge to charge as follows: " 1. That if the jury believe that at the time, or before the defendant made his deed to G. W. Buzbee, he was not aware that the judgment of John Jordan against him constituted a lien upon the land conveyed, and at-

such time he also notified Buzbee that he would arrange to meet or pay such matters as he (the defendant) had put upon the land, and that he has done so, then he must be acquitted. 2. That if the jury believe that the defendant, at the time or before he made the deed to G. W. Buzbee, told him that there was nothing against the land except such matters as he had put on it, and he would arrange to pay such matters, such notice was sufficient notice of any lien that the defendant himself put upon the land; and that, in such case, Buzbee cannot now complain of any mortgage that the defendant had placed on the land which had been paid; and that the defendant should be acquitted."

The Circuit judge declined to charge as requested, and the jury having rendered a verdict of guilty, the defendant moved, in arrest of judgment, upon the following ground: "That the indictment is defective, in that it contains the charges in one count of selling with more than one lien upon the same, whereas it is respectfully submitted, that for every lien upon the land, the selling of which without giving notice thereof was a separate offense, and should have been laid in separate counts." This motion was overruled, and sentence was passed upon the defendant.

The defendant appeals, substantially, upon the following grounds: 1. Because the Circuit judge refused to require the solicitor to elect which of the liens mentioned in the indictment he intended to rely upon. 2. Because of error in refusing the requests to charge as above set out. 3. Because a judgment is not such a lien as is contemplated by the statute under which the defendant was indicted. 4. Because of error in overruling the motion in arrest of judgment.

It appeared in evidence that the Jordan judgment had been recovered against the defendant before he bought the land which he sold to Buzbee, and that the two mortgages mentioned in the indictment had been put upon the land by the defendant some time before the sale, and had both been satisfied before the trial of this case, though the final payments seem to have been made after this prosecution was commenced. The land was sold by the sheriff under the Jordan judgment and bought by Jordan. The language of the statute under which the defendant is

indicted is as follows: " That from and after the passage of this act, any person or persons who shall willfully and knowingly sell and convey any real or personal property on which any lien or liens exist, without first giving notice of such lien or liens to the purchaser or purchasers of such real or personal property, shall be deemed guilty of a misdemeanor," &c.

The manifest object of this act is to prevent intentional fraud or deceit in the sale of property by the suppression of facts which it would be important for a purchaser to know before the sale is completed. The words of the statute are " willfully and knowingly," hence if the act intended to be prohibited is done unintentionally, or ignorantly, the offense created by the statute is not complete. A man may sell and convey property to another which is covered by a lien, of which he gives no notice to the purchaser, and yet, unless he does so willfully and knowingly, he has not violated the statute in question. Keeping this view of the statute in mind, let us consider whether there was any error in refusing the first request to charge. That request substantially amounted to this, that if the jury believe that the defendant was ignorant of the fact that the Jordan judgment was a lien upon the land when he made the sale to Buzbee, and at the same time gave him notice that he would arrange to pay the liens—mortgages— which he himself had put upon the land, then the defendant must be acquitted.

We think there was error in refusing this request, for if the defendant ignorantly, and therefore unintentionally, made the sale without mentioning the lien of the Jordan judgment, it certainly could not be said that he did so knowingly and willfully, and hence he could not be convicted on account of that lien. And if he also brought to the attention of the purchaser the fact that he himself had put certain liens upon the land, by saying "that he would arrange to meet or pay such matters as he (the defendant) had put upon the land," it could not be properly said that he had sold the land without first giving notice of such liens as he had himself put upon the land, to wit, the mortgages. The statute, it will be observed, does not prescribe the degree or kind of notice to be given, and hence we must resort to the general rule upon the subject, and that is, that such notice

as will put a party upon inquiry is sufficient notice of every fact which such inquiry, properly prosecuted, would disclose. Now, if a purchaser is told by his vendor that he has arranged or will arrange "to meet or pay such matters as he had put upon the land" which is the subject of negotiation, he surely has such notice as would put him upon inquiry, for what else can such language mean but that the vendor had put incumbrances of some kind upon the land which he expected to remove?

The second request to charge was properly refused, as it entirely ignored the lien of the Jordan judgment. Substantially, it amounted to a request that the jury should be instructed to acquit the defendant if they believed that he had notified the purchaser of the mortgages, ignoring the necessity for any inquiry as to the Jordan judgment.

The first and fourth grounds of appeal will be considered together, as they both rest upon the mistaken idea that because the property sold was covered by three liens, three offenses should have been charged. The offense consists in selling property "on which any lien or liens exist, without first giving notice of such lien or liens." There was but the one sale, and but one offense charged. The number of liens, whether one or a dozen, had nothing whatever to do with fixing the nature of the offense, however much it might aggravate its character. By the express terms of the statute it is made "a misdemeanor" for a person to sell property covered by "a lien or liens, without giving notice of such lien or liens." As is said in 1 *Bish. Cr. Pro.* (first edit.), § 191 : "It is not, therefore, an objection to an indictment that a part of the allegations might be lopped off and yet the indictment remain sufficient. Where, for instance, a statute forbids several things in the alternative, it is usually construed as creating but one offense; and the indictment may charge the defendant with the commission of all the acts, using the conjunction 'and' where the statute uses the disjunctive 'or'; or, on the other hand, the indictment may contain but one or two of the things at the election of the pleader. Thus, where the allegation was that the defendant sold spirituous liquors, to wit, rum, brandy, whiskey and gin, in less quantities than one quart, without license, and it was objected that there were here four

offenses set down in one count, the court overruled the objection, saying : ' The selling of any of the liquors named would be an offense ; but there is no more reason why an offender should be indicted separately for each than there would be to charge a thief, who had stolen a suit of clothes, in separate counts for the coat, waistcoat,' " &c.

So, in this State, in the case of *State* v. *Anderson*, 3 *Rich.* 172, it has been held that an indictment for retailing spirituous liquors without a license is not bad on the ground of duplicity or misjoinder, because various acts of retailing to different persons are grouped together in one count as constituting a single offense, and if the proof shows a retailing to either of the persons named, the defendant may be convicted. We do not think, therefore, that there was any error on the part of the Circuit judge, either in refusing the motion to require the solicitor to elect upon which lien he would rely, or in refusing the motion in arrest of judgment.

No authority has been cited ; and we know of none to sustain the third ground of appeal. Nor do we see any reason upon which such ground can be sustained. The language of the statute is very comprehensive—any lien or liens—and, as a judgment is unquestionably a lien, we are ·unable to see by what authority we would be warranted in so restricting the terms of the statute as to exclude a lien by judgment. But inasmuch as there was error in refusing the first request to charge, there must be a new trial.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.